UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

    v.
                                      CRIMINAL NO.
                                      19-10361-IT

YAMEL CUEVAS-GONZALEZ and
CARLOS NUNEZ,
    Defendants.

**MEMORANDUM AND ORDER RE:
DEFENDANT YAMEL CUEVAS-GONZALEZ' MOTION FOR DISCOVERY OF
THE GOVERNMENT'S PERCIPIENT WITNESS/CONFIDENTIAL SOURCE
(DOCKET ENTRY # 51); CARLOS NUNEZ' MOTION FOR
DISCLOSURE OF CONFIDENTIAL WITNESS
(DOCKET ENTRY # 54)**

**August 10, 2020**

**BOWLER, U.S.M.J.**

Pending before this court are two motions to disclose a confidential witness ("CW") filed by defendants Yamel Cuevas-Gonzalez ("Gonzalez") and Carlos Nunez ("Nunez"). (Docket Entry ## 51, 54). The United State of America ("the government") opposes the motions. (Docket Entry # 60). After conducting a hearing on July 27, 2020, this court took the motions (Docket Entry ## 51, 54) under advisement.

BACKGROUND

A four-count Indictment charges Gonzalez and Nunez ("defendants") with a conspiracy to distribute and possess with intent to distribute more than 400 grams of fentanyl in violation of 21 U.S.C. § 846 (Count One). (Docket Entry # 21). The

remaining counts charge Gonzalez with distribution of and possession with intent to distribute 400 grams or more of fentanyl on May 6, 2019 (Count Two), June 10, 2019 (Count Three), and August 5, 2019 (Count Four) in violation of 21 U.S.C. § 841(a)(1).  Counts Three and Four charge Nunez with distribution of and possession with intent to distribute 400 grams or more of fentanyl on June 10 (Count Three) and August 5, 2019 (Count Four) in violation of 21 U.S.C. § 841(a)(1).  (Docket Entry # 21).

Julio Defigueiredo ("Defigueiredo"), a sergeant with the Bristol County Sheriff's office assigned to the Homeland Security Investigations ("HSI") Financial Task Force in Boston, and a number of other officers connected with the HSI investigation, conducted surveillance of all three transactions.  (Docket Entry # 54-2, pp. 10, 12, 33, 45) (Docket Entry # 60-1, p. 3, ¶ 4). Audio recordings capture the entirety of the conversations of the May 6, June 10, and August 5, 2019 transactions without malfunctions.  (Docket Entry # 60-1, pp. 4-7, ¶¶ 9, 14, 15, 19) (Docket Entry # 54-2, pp. 32-33, 35-36, 47).  Multiple audio recordings of preliminary telephone conversations between the CW and Gonzalez arranging the three meetings also exist, although some conversations are redacted, unintelligible, and/or depict overlapping voices.  (Docket Entry # 54-2, pp. 31-32, 50-54) (Docket Entry ## 51-1, 51-2, 51-4) (Docket Entry # 51, pp. 5-6, ¶ 19).  The charges defendants face are serious inasmuch as they

2

invoke a ten-year minimum mandatory sentence.   21 U.S.C. §

841(b)(1)(A)(vi).

## DISCUSSION

Beginning with a presumption "of confidentiality, . . . a

trial court must 'balance the accused's right to prepare and

present his defense against the public interest in acquiring

needed information and the informant's stake in

confidentiality.'"  United States v. Mills, 710 F.3d 5, 14 (1st

Cir. 2013) (internal brackets and citation omitted).  "Other

factors that typically go into the mix include 'the nature of the

crime charged, the contours of the defenses asserted, the

available means of proving the charges and defenses, and the

significance of the informant's role.'"  Id. (internal citation

omitted).  The defendant has the burden "to show that disclosure

is essential for an adequate defense—and it is a 'heavy' one."

Id.; accord United States v. Perez, 299 F.3d 1, 4 (1st Cir. 2002)

(defendant must "demonstrate that knowledge of" confidential

informant's identity "is vital to the proper preparation and

presentation of his case").  It is nevertheless not

insurmountable.  See Mills, 710 F.3d at 14.    For example, a

"court may order disclosure" when "the informant is the sole

participant, other than the accused, in the transaction charged."

United States v. Robinson, 144 F.3d 104, 106 (1st Cir. 1998);

accord Mills, 710 F.3d at 14.  The overall "inquiry is case-

specific," <u>Mills</u>, 710 F.3d at 14, and therefore depends on "the particular circumstances of each case."  <u>Perez</u>, 299 F.3d at 4.

Nunez, who also joins in Gonzalez' motion, argues that he needs the CW's identity because he has a right to present percipient testimony that he was not present during the first two of the three drug transactions.  Nunez was not seen on the video during the first or the second transaction.  (Docket Entry # 54-2, pp. 29-30).  Obtaining the information from the CW, however, is not the only means for Nunez to show that he was not present at these two transactions.  In particular, the existence of the audio and the videotape of the first and the second drug transactions reduces (but by no means eliminates) Nunez's need for the CW's identity and the information the CW might provide. See <u>United States v. DeAraujo</u>, Criminal Action No. 19-10210-NMG, 2020 WL 3893033, at *3 (D. Mass. July 10, 2020) (finding that defendant failed to meet his burden and noting that "the entire encounter was recorded by video and audio" even though confidential informant was "the only individual other than defendant" involved in "alleged firearms sale"); <u>see</u> <u>also</u> <u>United States v. Figueras</u>, No. 09CR103S, 2009 WL 1364640, at *1-2 (W.D.N.Y. May 14, 2009) (because producing audio recordings would disclose informant's identity, court denied pretrial disclosure of informant because production of transcript allowed "defendant to adequately prepare for trial in this matter while protecting

the identity and safety of the government's confidential

informants"); United States v. Folsom, No. 01-400007-01-SAC, 2001

WL 789261, at *9 (D. Kan. June 12, 2001) ("[u]nder *Roviaro*,[1] the

informant's presence at the transaction is generally important,

but . . . factor is not as significant here because the entire

transaction was not only audiotaped but also was the subject of

officers' surveillance"); accord United States v. Addison,

Criminal Action No. 14-0168, 2015 WL 13215455, at *5 (E.D. La.

Feb. 4, 2015) (existence of "co-conspirators who may provide

testimony and an audio recording of a conversation in which

Addison allegedly arranged for a drug transaction" support

denying disclosure because "confidential informants are not

[defendant's] only means to prepare his defense"), *objections*

*sustained on other grounds*, 2015 WL 1245556 (E.D. La. Mar. 18,

2015) (finding issue will be moot soon because government agreed

"to identify unindicted co-conspirators it intends to call at

trial by April 6, 2015").  Simply stated, because Nunez has other

means available to present the defense of his limited role in the

transactions, the CW's role is not as pivotal.  Similar to the

availability of the evidence in the audio and videotape,

Defigueiredo testified at a detention hearing that he was present

at all three transactions, able to hear the conversations being

recorded, and saw Nunez only during the third transaction.

---

[1]   Roviaro v. United States, 353 U.S. 53 (1957).

(Docket Entry # 54-2, pp. 12, 29-30, 32-35).

Moreover, although the CW's participation in the planning and the three drug transactions lends credence to defendants' asserted need for the CW's identity and the information the CW may have, the government does not intend to call the CW as a witness at trial.  It also represents that the CW has a reasonable fear of reprisal against himself or herself and against the CW's family, some of whom live in the Dominican Republic.  (Docket Entry # 60, p. 4).  The CW is also "a documented [c]onfidential witness for HSI since 2008 (Docket Entry # 60-1, p. 3, n.2), who the government represents "remains such at this time" (Docket Entry # 60, p. 2).  See United States v. Abuhamra, 389 F.3d 309, 324 (2d Cir. 2004) (identification of confidential sources compromises "government's ability to use such sources in other investigations" and "may expose them to retaliation by those against whom they have cooperated") (citing McCray v. Ill., 386 U.S. 300, 308 (1967)).

Gonzalez argues that the CW participated in planning the sale of the drugs and took part in the actual transactions. Information the CW possesses is therefore needed "to ascertain whether or not the facts as alleged by the Government are completely true or provide some defense to [Gonzalez], such as entrapment or other defenses," according to Gonzalez.  (Docket Entry # 51, p. 6, ¶ 20).  Although this court recognizes and

considers the CW's firsthand knowledge of the planning and the

CW's participation in the actual transactions as significant,

Defigueiredo heard or monitored the recorded conversations.  As

to all three transactions, the audio and the videotape provide

information that renders the CW's information about the

transaction somewhat less central than it otherwise would be.

See generally Mills, 710 F.3d at 14-15 (explaining that court

credibly found that "one could reasonably work out the drug

quantity numbers" using other evidence "without touching the CIs'

narratives").  Further, the redacted material reviewed by this

court in camera does not warrant production because it may reveal

the CW's identity and the significance of the redacted material

is minimal.  Gonzalez' additional concern about the need to query

the CW to determine any promises made to him (Docket Entry # 51,

p. 6, ¶ 20) is belied by the government's representation that the

CW is cooperating in return for immigration benefits and

financial compensation (Docket Entry # 60-1, p. 3, n.2).

　　　Gonzalez citation to Fed. R. Crim. P. 16(a)(1)(E)(i)

(allowing a defendant to receive government papers, documents,

data and other items "material to preparing the defense") and

Nunez's reliance on LR. 116.2(b)(1)(A) (requiring disclosure

within 28 days of arraignment of "information that would tend

directly to negate the defendant's guilt") does not, in this

case, require disclosure of the information concerning the CW at

this point in time.  As to Gonzalez, the premise that the

pretrial disclosure of the information regarding the CW (Docket

Entry # 51, pp. 8-9), who the government does not intend to call

as a witness and whose conversations during the three

transactions are recorded, is material to preparing "some defense

to [Gonzalez], such as entrapment or other defenses" (Docket

Entry # 51, p. 6) is speculative.  See United States v.

Rodriguez-Rivera, 473 F.3d 21, 26 (1st Cir. 2007); see also

United States v. Goris, 876 F.3d 40, 44-45 (1st Cir. 2017).  As

to Nunez, he is not charged in the first transaction (Count Two)

and the government's witness, Defigueiredo, admitted that he did

not see Nunez at either the first or the second transaction.  An

affidavit by a Special Agent with Homeland Security

Investigations is consistent with this lack of physical presence.

(Docket Entry # 60-1).  In sum, balancing all of the relevant

factors, both Nunez and Gonzalez fail to satisfy their heavy

burden to show that disclosure is "essential for an adequate

defense."  Mills, 710 F.3d at 14.

## CONCLUSION

In accordance with the foregoing discussion, the motions for

disclosure (Docket Entry ## 51, 54) are **DENIED.**


     /s/ Marianne B. Bowler
     **MARIANNE B. BOWLER**
     United States Magistrate Judge