UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARLOS NUNEZ,<br><br>Defendants | CRIMINAL No. 19-10361-IT |

GOVERNMENT'S SUR-REPLY TO DEFENDANT NUNEZ'S REPLY TO OPPOSITION OF APPEAL OF DENIAL OF DISCLOSURE OF CONFIDENTIAL WITNESS

The United States of America, by Andrew E. Lelling, United States Attorney, and Nadine Pellegrini, Assistant United States Attorney for the District of Massachusetts, with the permission of the court, files its Sur-Reply to Defendant's Nunez's Reply to Government's Opposition [Dkt. 93].

In his reply, Defendant shifted his legal stance from his original argument presented to the Magistrate Judge. But even with this shift, the basis for the request of disclosure and identity of the confidential witness ("CW") is no more compelling than the prior argument. The Defendant has now focused on identification, or more accurately stated, the non-identification of the driver of the Accord for the June 10th, 2019 drug transaction.

The Defendant's Reply stated that "[t]he government also asserts in its opposition that, during the second transaction, Nunez "was not seen from the vantage point of law enforcement officers or the CW." Govt. Opp. at 3. The government does not say, however, whether the cooperating witness was in a position on June 10, 2019 to see the driver of the Accord, which pulled up next to the white car that the cooperating witness was driving." The Defendant then posits that "[e]ven if the government were to concede that point, defendant is entitled to interview the

confidential witness to determine whether he saw the driver of the car and, if so, what the driver looked like." The Defendant provides no legal basis for this entitlement.

First, the Defendant's semantical twist on the government's statements cannot carry the day. Additionally, without any supported legal basis and unsupported by any affidavit in support of this factual claim, the Defendant claims that a viewing of the driver would have been possible.

To be clear, the government stated that the CW did not see the driver of the vehicle on June 10th.[1] There was no identification of the driver of the Accord by the CW or by any other government witness to the June 10th, 2019 transaction. There was no description provided by the CW or by any government witness as to the driver of the Accord. In order to underscore this, and to make clear that the CW did not identify the driver nor was the CW in a position to do so, the government provides the attached affidavit and exhibits in support of that affidavit by Homeland Security Investigations Special Agent Geoffrey Howes. SA Howes was on site during all of the transactions. As is stated in his affidavit, SA Howes questioned the CW after the June 10th transaction as to whether or not the CW could identify or describe the driver. The CW was not able to view the driver and could not provide a description.

Additionally, it is clear from the exhibits which include photographs of the vehicles during the transaction, that Defendant's claim regarding the position of the vehicles does not indisputably lead to a single conclusion; i.e., that the driver of the Accord must have been seen.

Defendant claims that he is still entitled to determine whether the CW saw the driver, although he does not explain why this is so. In sum, the Defendant claims that disclosure of the CW

---

[1] In addition to its other statements in its reply to Defendant's Appeal, the government also stated "…. the confidential witness had no dealings with Nunez and did not speak with him or see him [Government's Opp. At 3].

must be required in order to cross-examine the witness about an identification that did not take place. To what end that cross-examination is required, the Defendant does not explain.

The fact that the Defendant may wish to emphasize the lack of identification does not require the CW's disclosure nor does it tip the scales in favor of disclosure.  As SA Howes's affidavit makes clear, emphasis on the fact that the CW did not identify or describe the Defendant is not foreclosed to by the non-disclosure of the CW.

In the court's most recent decision denying Defendant Gonzalez's motion for disclosure of the CW, the Court noted that the Defendant Gonzalez "has not met his burden of articulating why the identity of the CW is vital to the proper preparation and presentation of his case."  The Court also noted that speculative assertions are not enough; "a defendant must spell out how an informer's testimony would help whatever defense theory he pins his hopes on." *United States v. Mills,* 710 F.3d 5, 14 (1st Cir. 2013).

The legal position of Nunez is the same.   He first makes unsupported assertions that the CW must have been able to see the driver.  Then, even when presented with the fact that the driver was not identified or described, the Defendant fails to articulate how disclosure advances his defense, particularly in light of the fact that the non-identification or description remains available to him through a myriad of other methods.

The balance to be struck requires the Defendant to articulate with precision how the disclosure impacts his ability to present his defense.  Disclosure should not be required in order to have a witness simply testify to something which did not occur and to which, if need be, others can testify about.

Vague and generalized possibilities will not carry the day. "The burden is on the defendant to demonstrate that the circumstances demand disclosure; "[mere] speculation ... is not sufficient to meet the heavy burden which rests on an accused to establish that the identity of a

confidential informant is necessary to his defense." *United States v. Giry,* 818 F.2d 120, 130 (1st Cir. 1987).

The motion to dismiss the Memorandum and Order of the Magistrate Judge should be denied in its entirety.

                                        Respectfully submitted,

                                        ANDREW E. LELLING
                                        United States Attorney

                        By:    */s/ Nadine Pellegrini*
                                        NADINE PELLEGRINI
                                        Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/*Nadine Pellegrini*
Nadine Pellegrini
Assistant United States Attorney

Date: December 23, 2020